# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1921V
Filed: May 14, 2021
UNPUBLISHED

|  |  |
|---|---|
| MARILYN LAVENDER,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration; SIRVA |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*James Vincent Lopez, U.S. Department of Justice, Washington, DC,* for respondent.

### **DECISION**[1]

On December 14, 2018, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered left shoulder injuries as a result of her receipt of an influenza vaccination received on September 16, 2016. (ECF No. 1.) On January 2, 2020, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 16.)

On January 25, 2021, I issued a finding of fact concluding that petitioner did not experience onset of her alleged shoulder injury within 48 hours of her vaccination. (ECF No. 35.) I then issued a scheduling order directing petitioner to file either a case dispositive motion or status report otherwise indicating how she intended to proceed in light of my finding of fact. (ECF No. 36.)

On May 10, 2021, petitioner filed a Motion for a Decision Dismissing her Petition. (ECF No. 41.) Petitioner indicated that "[i]n light of the Special Master's Findings of

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

Fact filed on January 25, 2021, petitioner does not believe that her claim could prevail." (*Id.* at 1.)  Petitioner further stated that "[p]etitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her. Petitioner has been advised that such a judgment will end all of her rights in the Vaccine Program. Petitioner understands that she may apply for costs once the case is dismissed and judgment is entered against her."  (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

In this case, petitioner has not presented a Table Injury for the reasons discussed in my prior finding of fact.  Moreover, the evidence of record does not otherwise support petitioner's allegations by a preponderance of the evidence.  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.